# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTIE A. BOWERS,** on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 
| Plaintiff, | |
| v. | |
| **MIDWEST SEALCOAT, INC.,** an Illinois corporation, **MIDWEST DEVELOPMENT AND LEASING, LLC,** an Illinois limited liability corporation, **STEPHEN THUER PROPERTIES, STEPHEN THUER**, Individually, and **ROBERT THUER,** Individually | |
| Defendants. | |

**No.** 19-cv

Honorable Judge

Magistrate Judge

*JURY DEMAND*

## COMPLAINT

NOW COMES Plaintiff, **CHRISTIE A. BOWERS**, on behalf of herself and all other Plaintiffs similarly situated, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for her Complaint against Defendants **MIDWEST SEALCOAT, INC.,** an Illinois corporation, **MIDWEST DEVELOPMENT AND LEASING, LLC,** an Illinois limited liability corporation, **STEPHEN THUER PROPERTIES,** an unregistered affiliate business, **STEPHEN THUER**, Individually, and **ROBERT THUER,** Individually (each a "Defendant", collectively, the "Defendants"), states as follows:

### I.    NATURE OF ACTION

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

## II.  JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207 and for the supplemental Illinois statutory claim pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

## III. THE PARTIES

3. Defendant, **MIDWEST SEALCOAT, INC.** (herein referred to as "Defendant" or "MSI"), operates a construction business that performs asphalt and sealing construction services including installing new parking lots, personal driveways, private streets, seal coating, crack filling and line marking. MSI also performs mulching and snow/ice removal services. MSI is located at 1210 Lyon Road, Batavia, Illinois. Defendant MSI is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii) or in combination with the other affiliated co-Defendants, satisfies such minimum. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and the Plaintiff Class and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **MIDWEST DEVELOPMENT AND LEASING, LLC** (herein referred to as "Defendant" or "MDL"), operates a real estate development and leasing business. Like MSI, MDL is located at 1210 Lyon Road, Batavia, Illinois. Defendant MDL is an "enterprise" engaged in commerce or in the production of goods for commerce within the

meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii) or in combination with the other affiliated co-Defendants, satisfies such minimum. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and the Plaintiff Class and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Defendant, **STEPHEN THUER PROPERTIES** (herein referred to as "Defendant" or "STP"), operates a property management business. After thorough investigation by Plaintiffs' counsel, STP is not registered with the Illinois Secretary of State's office and does not maintain an easily identifiable website or business page. Upon information and belief, STP is an affiliated or related business to MSI and MDL that is also owned and operated by an individual Defendant herein, **STEPHEN THUER**. Upon information and belief, STP performs business and operates out of the same brick and mortar office as MSI and MDL at 1210 Lyon Road, Batavia, Illinois. Upon additional information and belief, Plaintiff believes that STP may be a "doing business as" or "d/b/a" designation that Stephen Thuer uses for himself as an additional business entity. STP is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii) or in combination with the other affiliated co-Defendants, satisfies such minimum. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and the Plaintiff Class and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

6. Defendant **STEPHEN THUER** is the owner and President of Defendants MSI, MDL and STP. In his capacity as owner and president of MSI, MDL and STP, **THUER** was vested with the authority to implement and carry out the wage and hour practices of MSI, MDL and STP. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to **THUER** and **THUER** in turn responded to those communications with the authority described above. Thus, at all times relevant hereto **THUER** was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer". and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer".

7. Defendant **ROBERT THUER** is the manager of MSI**.** In his capacity as manager of MSI**, THUER** was vested with the authority to implement and carry out the wage and hour practices of MSI. Upon information and belief, **ROBERT THUER** also acted in the same or similar role for MDL and STP. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to **THUER** and **THUER** in turn responded to those communications with the authority described above. Thus, at all times relevant hereto **THUER** was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer". and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

8. The Corporate Defendants, MSI, MDL and STP are related in substantive ways (i.e. Plaintiff concurrently performed receptionist/office assistant duties as assigned by **STEPHEN THUER** for customers of all three (3) entities and received paychecks from all three (3) entities) and therefore, constitute a single enterprise under the law. At all times relevant hereto, the corporate Defendants ("Joint Employers") a) performed related activities; b) through unified operation or common control; c) for a common business purpose.

9. Plaintiff, **CHRISTIE A. BOWERS** (hereinafter referred to as "Plaintiff", "the named Plaintiff" or "Bowers"), is a former employee of Defendants who was employed as an office assistant and receptionist and performed duties such as answering phones, ordering office supplies, scheduling meetings, etc. During Bowers' entire employment, she was paid as an hourly employee. During Bowers' employment, Bowers frequently worked in excess of 40 hours per week without compensation at a rate of one and one-half her regular rate of pay because the Defendants engaged in an "hour banking" practice. This practice resulted in overtime eligible hours being "banked" and not paid at Bowers' applicable time and one-half rate in the week the hours were worked and instead, paid back at Bowers' straight time rate at a later date. Because of this practice, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

10. All other unnamed Plaintiff known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek.

11. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

12. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

13. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

14. Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

15. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal, state and municipal statutes herein relied upon.

16. Plaintiff was employed by Defendants from approximately May 2016 to July 2019 as a receptionist and office assistant.

17. Plaintiff performed duties related to answering phones, distributing schedules assigned by Defendants to Defendants other employees, scheduling meetings and calls, filing, payment collection, ordering supplies as directed, picking up timecards and dropping off paychecks at jobsites, and cleaning the office.

18. Plaintiff was paid as an hourly employee throughout her employment with Defendants. Beginning in May 2016, Plaintiff received $14.50 per hour. Eventually, Plaintiff received a raise to $16.50 per hour. Plaintiff was paid every two weeks.

19. Plaintiff clocked in and out during each shift using a time clock activated by her badge.

20. Plaintiff was assigned a regular shift of 7:15 a.m. to 3:30 p.m. five or six days per week and worked approximately 45 hours per week.

21. However, during Defendants' busy seasons in the spring and summer, Plaintiff worked significantly more than her regular assigned schedule due to demand. During these months of the year, Plaintiff worked approximately 50-55 hours per week. At times, Plaintiff worked as many as 60 hours per week.

22. Additionally, Defendants would sometimes require Plaintiff perform work for Stephen Thuer Properties or Midwest Leasing & Development. When Plaintiff was required to perform work for these other businesses owned by Defendants, Defendants required

Plaintiff to record her time on separate timesheets, even though Plaintiff performed this work at the same office and during the same shifts that she performed work for Midwest Sealcoat. This additional work performed which Defendants required Plaintiff to record separately should have been included in the aggregate calculation of her total weekly work hours, and not assigned to different employers.

23. Despite working in excess of 40 hours in most weeks during her employment with the Joint Employers, Plaintiff, and those similarly situated, were only paid for the first 80 hours of the two-week period. The remaining overtime hours were unpaid and "banked" by Defendants. The "banked" hours would accumulate over periods of time to be paid out at her straight time rate later, such as when Plaintiff had a week in which she worked fewer than 40 hours.

24. The Defendants paid these redistributed "banked" overtime hours at the regular straight time rate of Plaintiff, and those similarly situated, to further avoid overtime obligations set forth by the statutes referenced herein.

25. When Defendants paid the "banked" hours back to employees such as Plaintiff, the banked hours were paid back only at the straight time rates of pay. In an effort to conceal their non-payment of overtime to Plaintiff and members of the Plaintiff Class, Defendants paid back the banked hours outside of their regular ADP payroll system for Midwest Sealcoat. Instead, Defendants paid Plaintiff's, and members of the Plaintiff Class', banked hours with either cash or through company checks from "Midwest Development & Leasing" or "Stephen Thuer Properties". This practice enabled Defendants to make the payroll records for these separate but commonly owned entities appear compliant.

26. The "banked" hours accumulated by Plaintiff were often displayed directly on Plaintiff's paystubs, indicating that Defendants hour-banking practice was embedded in its payroll software.

27. Defendants' payment of some wages to Plaintiff in cash in order to avoid the overtime provisions of the federal and state statutes relied upon herein decreased the amount of payroll taxes paid by Defendants to the United States Treasury and deprived Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

28. Plaintiff also believes there were certain hours worked by her that were "banked" by Defendants, but not reapplied and paid back at all, resulting in non-payment of both her straight time pay and overtime premium.

29. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

30. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-30. Paragraphs 1 through 30 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 30 of this Count I.

31. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiff, and members of the Plaintiff Class, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

32. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, and the Plaintiff Class, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-32. Paragraphs 1 through 32 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 32 of Count II.

33. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

34. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-34.    Paragraphs 1 through 34 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of Count III.

35.    In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

36.    Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    liquidated damages equal to the amount of all unpaid compensation;

(b)    Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)    for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-36.    Paragraphs 1 through 36 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of this Count IV.

37.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

38. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

39. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

Respectfully submitted,

*Electronically Filed 10/24/2019*

/s/ John W. Billhorn
_____

John William Billhorn

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450